# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| JUDITH NYE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | 1:11CV357 |
| v. | ) | 1:10CR46-1 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner Judith Nye, a federal prisoner, has brought a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (Docket No. 23.)[1] Petitioner was indicted on six counts of mail fraud in violation of 18 U.S.C. § 1341. (Docket No. 1.) She later pled guilty to a single count and was sentenced to 54 months of imprisonment. (Docket Nos. 12, 13, 20.) The factual basis supporting Petitioner's guilty plea reveals that she was a former collections manager for a magazine subscription service who used the personal information of customers, which she had obtained during her employment, to defraud those customers. She sent the customers letters telling them that they owed either $189.99 or $289.99 for cancellation fees and that failure to pay would result in an additional fee of $300.00 plus

---

[1] This and all further cites to the record are to the criminal case.

court costs. If the customers called, she would tell them that they had to pay. She also mailed altered invoices to customers who were still reluctant to pay. Nye then took the payments that she obtained and converted them to her own use. (Docket No. 13.)

Petitioner did not appeal her conviction or sentence, but instead brought her current motion under § 2255. In that motion, she raises two related claims for relief. First, she argues that her conviction is invalid under *Skilling v. United States*, 561 U.S. ___, 130 S. Ct. 2896 (2010). Second, she contends that her attorney provided ineffective assistance of counsel by not raising that argument in her case. Respondent has filed a response (Docket No. 27), Petitioner has filed a reply (Docket No. 29), and the matter is now before the Court for a ruling. *See* Rule 8, Rules Governing Section 2255 Proceedings.

Petitioner's claims have no merit. Petitioner was charged and convicted under 18 U.S.C. § 1341 which prohibits the use of the mails to perpetrate "any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses [or] representations." *Skilling* dealt with 18 U.S.C. § 1346 which defines "any scheme or artifice to defraud" in § 1341 as including "a scheme or artifice to deprive another of the intangible right of honest services." *Skilling* limited the phrase "the intangible right of honest services" as used in § 1346 to cover only bribery and kickback schemes. Petitioner reasons that, because she was not charged with a bribery or kickback scheme, her conviction is not valid under *Skilling*.

Petitioner's argument fails because she was not charged with running a scheme to deprive anyone of their intangible right to honest services. Instead, she was charged with using the mails to lie to former customers in order to steal their money. This is a traditional fraud scheme covered by § 1341 and not at all connected to § 1346. It was illegal both before and after *Skilling*. *Skilling*, 130 S. Ct. at 2926-27. Petitioner's first claim for relief should be denied.

Petitioner's second claim for relief is that her attorney provided her with ineffective assistance of counsel by not using *Skilling* to challenge her conviction. In order to prove ineffective assistance of counsel, a petitioner must establish, first, that his attorney's performance fell below a reasonable standard for defense attorneys and, second, that he was prejudiced by this performance. *See Strickland v. Washington*, 466 U.S. 668 (1984). Petitioner is not entitled to a hearing based upon unsupported, conclusory allegations. *See Nickerson v. Lee*, 971 F.2d 1125, 1136 (4th Cir. 1992) (in order to obtain an evidentiary hearing a habeas petitioner must come forward with some evidence that the claim might have merit), *abrog'n on other grounds recog'd, Yeatts v. Angelone*, 166 F.3d 255 (4th Cir. 1999). A petitioner bears the burden of affirmatively showing deficient performance. *See Spencer v. Murray*, 18 F.3d 229, 233 (4th Cir. 1994). To establish prejudice, Petitioner must show that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694.

Here, there would have been no reason for Petitioner's attorney to raise a frivolous argument under *Skilling*. Even if he had, it would have been swiftly rejected. Therefore, Petitioner was not prejudiced by his failure to make the argument. Her ineffective assistance claim should also be denied.

**IT IS THEREFORE RECOMMENDED** that Petitioner's motion to vacate, set aside or correct sentence (Docket No. 23) be denied and that this action be dismissed.

/s/ P. Trevor Sharp<br>United States Magistrate Judge

Date: October 4, 2011